IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Civil Action No. 5:15-CV-00062 |
| v. | ) |
| | ) |
| RALPH P. SHIFFLETT | ) |
| | ) By:   Michael F. Urbanski |
| | )       United States District Judge |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

Before the court is the United States' motion for default judgment. For the reasons set forth below, the motion, ECF No. 7, is **GRANTED**.

### I.

On September 8, 2015, the United States filed this action against Shifflett, seeking to reduce to judgment unpaid tax assessments for the taxable periods ending on December 31, 2002, and December 31, 2004. Compl., ECF No. 1. Shifflett was served with the complaint on November 23, 2015. ECF No. 4. Shifflett failed to answer or to otherwise defend the action within the time period permitted by the Federal Rules of Civil Procedure. The Clerk filed an entry of default against Shifflett on December 22, 2015, ECF No. 6, and the United States moved for default judgment on January 11, 2016. ECF No. 7. In particular, the United States requested "entry of default judgment in favor of the United States against defendant Ralph P. Shifflett for federal income taxes, plus penalties and interest, for the tax years of 2002 and 2004, in the total amount of $212,673.52, as of January 18, 2016, plus interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621(a)(2) after that date until the full amount is paid." ECF No. 7, at 1.

1

The court held an evidentiary hearing on April 7, 2016. At the hearing, Shifflett appeared pro se and admitted his liability for the unpaid 2002 and 2004 tax assessments. He likewise raised no objections to the amount of the tax assessments or to entry of default judgment.

## II.

Rule 55 of the Federal Rules of Civil Procedure authorizes courts to enter default against a defendant who fails to file a responsive pleading after being properly served. Entry of default is not automatic, and rests with the sound discretion of the district court. Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977); Dow v. Jones, 232 F. Supp. 2d 491, 494 (D. Md. 2002). While the Fourth Circuit has a "strong policy [that] cases be decided on their merits," Dow, 232 F. Supp. 2d at 494–95 (citing United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993)), default judgment is generally appropriate "when the adversary process has been halted because of an essentially unresponsive party." S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421–22 (D. Md. 2005) (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon default, any well-pled allegations as to liability are taken as true. Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC, 958 F. Supp. 2d 588, 594 (D. Md. 2013). Nevertheless, a court must still "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Accordingly, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." United States v. Newbill, No. 7:15-CV-00009, 2015 WL 4393418, at *1 (W.D. Va. July 14, 2015) (quoting Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, No. 99–1508, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. Aug. 10, 1999)). In contrast, allegations relating to damages are not deemed admitted, even when a defendant has failed to respond. Accordingly, the court must make an "independent determination regarding damages." Entrepreneur Media, Inc., 958 F. Supp. 2d at 593. Rule 55 provides that a court may, as it deems

2

necessary, conduct an evidentiary hearing to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B).

## III.

As to liability, the United States' allegations are sufficient to establish Shifflett's responsibility for the outstanding tax assessments described in the complaint. The government presents a prima facie case of tax liability by "'introduc[ing] into evidence the certified copies of the certificates of assessment.'" United States v. Parr, No. 3:10-CV-00061, 2011 WL 4737066, at *2 (W.D. Va. Oct. 6, 2011) (quoting United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980)). This prima facie showing shifts the burden to a defendant to "produce evidence refuting the [United States'] position." United States v. Kitila, No. 09-CV-0455, 2010 WL 917873, at *3 (D. Md. Mar. 8, 2010), aff'd, 403 F. App'x 865 (4th Cir. 2010).

In this case, the United States alleges that Shifflett failed to make his required federal tax payments for both the 2002 and 2004 tax years. To support its allegations, the United States submitted Shifflett's Account Transcripts from the Internal Revenue Service ("IRS"), ECF No. 7-3, along with a declaration from Dennis L. Conrad, an IRS revenue officer, who reviewed Shifflett's taxpayer accounts for 2002 and 2004. Conrad Declar., ECF No. 7-2. The United States also indicates that Shifflett received proper notice of the assessments and a demand for payment. Compl., ECF No. 1, at ¶ 6. Finally, counsel for the United States filed a declaration pursuant to the Service Members Civil Relief Act, 50 U.S.C. App. §§ 501, et seq., stating that Shifflett is not a service member currently on active duty status. Carter Declar., ECF No. 7-4. The declaration similarly states that Shifflett is not an infant or otherwise incompetent. Id. These submissions—buttressed by Shifflett's in-court admission of liability—support the relief sought by the United States. Parr, 2011 WL 4737066, at *2.

3

Similarly, the court finds sufficient evidence to establish the amount of Shifflett's tax liability. The IRS Account Transcripts and Conrad's declaration show that Shifflett failed to pay $4,556.00 in federal income taxes in 2002 and another $89,012.00 in 2004. Conrad Declar., ECF No. 7-2, at 2; ECF No. 7-3, at 1, 5. After accounting for fees, penalties, and interest that continue to accrue on the past-due assessments—as well as partial payments made by Shifflett—Shifflett's total tax liability as of January 18, 2016 was $212,673.52. Conrad Declar., ECF No. 7-2, at 2; ECF No. 7-3, at 1, 5; see also United States v. Sarubin, 507 F.3d 811, 812 (4th Cir. 2007) (finding that the United States is "statutorily entitled to recover interest on unpaid taxes accruing to the date of payment, regardless of whether the interest is reflected in an assessment"). Shifflett did not contest the amount of his tax liability, and conceded that the Account Transcripts accurately reflect his balance due for the relevant time periods. Therefore, the court finds that the evidentiary record supports the award of damages requested in the United States' motion for default judgment. Accordingly, judgment will be entered in favor of the United States for the balance due as of January 18, 2016, as well as any appropriate interest.

## IV.

For the reasons stated above, the court **GRANTS** the United States' motion for default judgment, ECF No. 7. Judgment is entered in favor of the United States and against Shifflett in the amount of $212,673.52, as of January 18, 2016, for federal income taxes for the taxable periods ending on December 31, 2002, and December 31, 2004, together with all interest that will continue to accrue according to law.

An appropriate Order will be entered this day. The Clerk is directed to send copies of this Memorandum Opinion and its Accompanying Order to Shifflett and counsel for the United States.

4

Entered: 04-18-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge